THOMAS C. SIMONTON, JOSEPH E. TODD AND MICHAEL MOSS, APPELLANTS, v. FREDERICK P. HAYS, ADAM DAVIS AND MANLY CROSBY, RESPONDENTS.

*State tax sale — notice to redeem — must comply strictly with the requirements of the statute — 1855, chap. 427, sec. 18.*

Where a notice to redeem lands from a State tax sale fails to state that unless the lands are redeemed by a day therein named they will be conveyed to the purchaser, the notice is insufficient and no title will pass under a deed thereof subsequently executed by the comptroller.

APPEAL from a judgment in favor of the defendants, entered on a decision rendered at the Cattaraugus Circuit on a trial by the court without a jury.

*D. H. Bolles*, for the appellants.

*Phelps & Eaton*, for the respondents.

SMITH, P. J.:

Ejectment: The plaintiffs claim title under a deed executed by the comptroller to one Post upon a sale for non-payment of taxes. The only question is as to the sufficiency of the notice to redeem. The sale took place in November, 1859, and the publication of the notice was begun in March, 1861. The statute, in pursuance of which the notice was published, requires that the notice for each county shall specify particularly every parcel of land in such county remaining unredeemed, and the amount necessary to redeem the same, calculated to the last day on which such redemption can be made, and stating that unless such lands are redeemed by a certain day they will be conveyed to the purchaser. (Laws 1855, chap. 427, § 61.) The notice in this instance complied with the statute in all respects, except that it did not contain the last statement above specified, namely, that unless such lands were redeemed by a certain day they would be conveyed to the purchaser.

The trial judge held that by reason of such omission, the notice did not comply with the statute, and consequently that the Comptroller's deed was ineffectual and conveyed no title or estate, and on that ground he ordered that the complaint be dismissed.

The learned counsel for the appellants has submitted to us an ingenious argument in support of the proposition that the notice, although not a literal compliance with the statute, complies with it substantially, and fully answers its purpose and demands. The notice was in the following words :

"COMPTROLLER'S OFFICE,
. "ALBANY, *March* 20, 1861.

"Notice is hereby given pursuant to title 2, chapter 427 of the Laws of 1865 " (so in the appeal book), " that at the sale above mentioned which closed on the 28th day of November, 1859, the following described lots, pieces and parcels of land, situate in the county of Cattaraugus, were sold for arrears of taxes due theron, and which remain unredeemed, and that the payment into the treasury of this state of the sum set opposite each lot, piece or parcel of land, will be required to redeem the same respectively, at the expiration of the time for the redemption thereof, which will be on the 28th day of November, 1861.

(Signed)     "ROBERT DENNISON,
" *Comptroller.*"

The argument of the learned counsel is that the notice, as published, contained everything that it was important or necessary for the owner to know in order to protect his rights.

But we are not at liberty to speculate as to what would be understood from the notice in its imperfect form. The legislature have seen fit to declare specifically what the notice shall contain, and the proceeding to divest a landowner of his title for the non-payment of taxes is one in which the requirements of law must be strictly observed. The law-makers have indicated that in their judgment it is necessary for the protection of the owner that the notice should contain all the specifications pointed out by the statute, and the courts cannot, by a rule of their own, dispense with any of those requirements. The notice, in the form in which it was published, could not have informed the delinquent owner that unless he redeemed by the day named, his land would be conveyed to another, unless he was familiar with the provisions of the tax laws, and if he was, he may well have supposed from the omission in the notice, that such result would not follow in the present case.

We concur in the views expressed on this subject by the presiding judge at the circuit, and by Mr. Justice BARKER in the case of *Becker* v. *Holdridge* (47 How. Pr.. 429).

The judgment should be affirmed.

HARDIN and BARKER, JJ., concurred.

Judgment affirmed.